**FEDERAL PUBLIC DEFENDER**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| **RICHARD COUGHLIN**<br>FEDERAL PUBLIC DEFENDER | 1002 Broad Street<br>Newark, New Jersey 07102 | **CHESTER M. KELLER**<br>FIRST ASSISTANT |

Hon. Edward S. Kiel
United States District Court
District of New Jersey
50 Walnut Street
Newark, NJ 07102

December 29, 2020

Re:  *United States v. Ryan Lee*, Case No. 2:20-mj-12398

Dear Judge Kiel:

    Ryan Lee, through undersigned counsel, respectfully moves for bond while this case is pending, pursuant to the Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq*.

    This is a serious case:  Count One of the Criminal Complaint, which is the most serious charge, alleges that Mr. Lee attempted to entice a minor in order to produce child pornography.  ECF No. 1 at 2.  That charge carries a minimum sentence of 10 years in prison and a maximum sentence of life in prison.  18 U.S.C. § 2422(b).  The defense has not yet seen discovery in this case, but the affidavit in support of the Complaint states that Mr. Lee sent sexually explicit messages to an FBI agent who claimed to be 13 years old, and also requested such messages in return.  ECF No. 1 at 3.  The affidavit further states that Mr. Lee traveled to a location he arranged with the undercover agent.  *Id.*  He was arrested without incident, then allegedly waived his *Miranda* rights and admitted he had traveled in order to have sex with the undercover agent.  *Id.* at 4.  The defense understands that additional charges may be brought by the government, and that Mr. Lee may end up facing an even higher mandatory minimum sentence than he currently does.

    The defense concedes that there is probable cause to believe Mr. Lee committed an offense involving a minor victim under 18 U.S.C. § 2251.  Accordingly, there is a rebuttable presumption that no conditions would reasonably assure the appearance of Mr. Lee in Court and the safety of the community.  18 U.S.C. § 3142(e)(3)(E).  However, Congress did not make the presumption in sex cases involving minors any stronger—or the ability to rebut it any weaker—than in cases involving possession of controlled substances or possession of a firearm during a crime of violence, which are "presumption" cases where defendants are routinely granted bond under § 3142.  *See* §§ 3142(e)(3)(A)-(B).  Detention prior to trial is a

"carefully limited exception" to the "norm" of liberty under the Fifth Amendment's Due Process Clause, and the "numerous procedural safeguards detailed" in the Bail Reform Act must be followed for such detention to be constitutional. *United States v. Salerno*, 481 U.S. 739, 742 (1987). The Bail Reform Act is "regulatory in nature": its purpose is to "reasonably assure" the defendant's appearance in Court and the safety of the community, *not* to "constitute punishment before trial in violation of the Due Process Clause." *Id.* at 748, 750

In this case, Mr. Lee is able to rebut the presumption that no conditions would reasonably assure his appearance in Court or the safety of the community. If the Court wishes, he and his father will speak about his family and community ties, as well as his long history of steady employment, at the hearing. *See United States v. Carbone*, 793 F.2d 559, 561 (3d Cir. 1986) (noting that character evidence in bond hearings "is normally presented by oral testimony," and affirming the District Court's decision to release the defendant on bond). While the nature and circumstances of the instant charges are undoubtedly serious, Mr. Lee's community ties; his closeness with his father; his history of steady employment; the fact that he was arrested without incident; the approval of his father as a third-party custodian; the fact that there are no children living in his proposed residence; and his willingness to submit to location monitoring and whatever other conditions are necessary, show that the Court can reasonably assure his appearance as well as the safety of the community while this potentially lengthy case proceeds. § 3142(c)(1)(B).

The defense expects the government's main argument for detention will rely on the seriousness of the allegations against Mr. Lee. As an initial matter, no matter how lurid the allegations are, Mr. Lee is currently presumed innocent. § 3142(j). Moreover, there are numerous cases in which defendants have been granted pretrial release despite being charged with production of child pornography under 18 U.S.C. § 2251(a), which carries a minimum sentence of 15 years in prison, five years more than the mandatory minimum sentence Mr. Lee currently faces. For example:

- In *United States v. Vargas*, No. 2:19-cr-20071 (D. Kan.), the defendant was released on bond. ECF No. 7.

- In *United States v. Xiao*, Case No. 3:20-cr-17 (N.D. Ga.), the defendant was released over the government's objection, on a $10,000 bond with a condition of no access to the internet. ECF No. 16.

- In *United States v. Miller*, Case No. 4:15-cr-31 (N.D. Ga.), the defendant was released on $10,000 unsecured bond over the government's objection, with the conditions of no contact with any person under the age of 18, no use of any instrument capable of accessing the internet, no possession of

2

> any sexually explicit material, and submission to polygraph examinations at the discretion of PTS to evaluate his compliance with bond conditions. ECF No. 11.

- In *United States v. Prejean*, Case No. 1:19-cr-350 (N.D. Ga.), the defendant was released over the government's objection on home incarceration with conditions similar to those in *Miller, supra*. ECF No. 12.

- In *United States v. Otoupal*, Case No. 3:16-cr-10 (N.D. Ga.), the defendant was released over the government's objection on a $25,000 bond, with a 7 p.m. to 6 a.m. curfew, no access to computers, and no unsupervised contact with minors. ECF No. 7.

- In *United States v. Harthill*, Case No. 2:19-cr-217 (E.D. Wa.), the defendant was released over the government's objection with conditions similar to the ones in *Miller, supra*. ECF No. 35.

- In *United States v. Brooks*, Case No. 4:15-cr-239-BRW (E.D. Ark.), the defendant was released on home incarceration with the condition of no access to the internet. ECF No. 4.

- In *United States v. Burgess*, Case No. 20-mj-717 (W.D.N.Y.), the defendant—who was charged with producing child pornography on two separate occasions with different victims, ECF No. 1—was released with an 8 p.m. to 8 a.m. curfew. ECF No. 3. He was also required to submit to computer/internet monitoring, prohibited from possessing pornography, and required to participate in mental health intervention specifically designed for defendants charged with sexual offenses as required by Pretrial Services. *Id.*

- In *United States v. Maddox*, Case No. 1:17-cr-167 (E.D. Cal.), the defendant was released, over the government's objection, to home incarceration in the custody of a third party, with no access to the internet.

These cases make clear that people charged with production of child pornography under § 2251(a)—which is significantly more serious than Mr. Lee's current charge—are entitled to the same level of consideration for pretrial release as people charged with any other "presumption" offense. Congress could very easily have made the presumption of detention stronger, or the ability to rebut it weaker, in child pornography production cases, but it chose not to. Thus, Mr. Lee's charges do not preclude his release while this case is pending. *See* § 3142(g)(1).

The defense cannot address the weight of the evidence in this case as it has not received discovery. It acknowledges there is probable cause to support the attempted enticement charge against Mr. Lee, but can go no further. Thus, it does not concede that the weight of the evidence against Mr. Lee is strong or that it weighs in favor of detention. *See* § 3142(g)(2).

Mr. Lee is presumed innocent of the instant offense. § 3142(j). Moreover, he has never before been accused of a crime. His family ties are strong, and his father Chul is approved as a third-party custodian. (He is not approved as a bond co-signer because he is currently unemployed.) Of course, because Ryan has no prior cases, he has no history of participation in criminal activity while on probation, parole, or supervision. Nor does he have any history of prior failure to appear in court as ordered. He has no history of alcohol or substance abuse. He has a stable residence. He could regain stable employment if permitted to live under a curfew or home detention, rather than under home incarceration. The government acknowledges he "has ties to the community." Govt. Opp. at 8 (received via email from the government). He is a U.S. citizen, and thus not subject to deportation after serving any period of incarceration. He does not have significant ties outside the United States. And he was arrested without incident, *i.e.*, without making any attempt to evade law enforcement. Thus, Mr. Lee's history and characteristics weigh in favor of release. § 3142(g)(3).

The nature and seriousness of the danger to any person or the community that would be posed by Mr. Lee's release is minimal, especially if he is released under restrictive conditions. § 3142(g)(4). Once again, there is no stronger presumption of detention, or weaker presumption of innocence, in a minor enticement case or child pornography production case. Mr. Lee does not appear before the Court tomorrow for judgment, but merely to argue that there are conditions which can reasonably assure his appearance in this case and the safety of the community.

For the foregoing reasons, the Court should release Mr. Lee while this case is pending, with the least restrictive combination of conditions appropriate. § 3142(c)(1)(B).

Respectfully submitted,

/s/ Rahul Sharma, AFPD
(973) 320-7350
rahul_sharma@fd.org
